[Cite as *State v. Brazo*, 2022-Ohio-2066.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2021 CA 0016 |
| STEPHEN BRAZO | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     On Remand from Supreme Court of Ohio,
                             Case No. 2021-1590


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 16, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM C. HAYES                          KIMBERLY SECCURO
PROSECUTING ATTORNEY                      720 S. High Street
PAULA M. SAWYERS                          Columbus, Ohio  43206
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

{¶1}   This matter is before us on remand from the Ohio Supreme Court. In Defendant-Appellant Stephen Brazo's direct appeal, *State v. Brazos*, 5th Dist. Licking 2021-CA-16, 2021-Ohio-4006, Judge W. Scott Gwin concurring in part and dissenting in part, we declined to address his sole assignment of error which challenged the constitutionality of the Reagan Tokes Act, as we found the challenge was not ripe for review. In *State v. Maddox*, ---N.E.3d---, 2022-Ohio-764, however, the Supreme Court of Ohio found constitutional challenges to the Reagan Tokes Act are ripe for review on direct appeal. We therefore herein address Appellant's sole assignment of error.

## STATEMENT OF THE FACTS AND CASE

{¶2}   A recitation of the underlying facts in this matter is unnecessary for our resolution of this appeal on remand.

{¶3}   On November 21, 2019, Appellant Stephen Brazo was indicted on one count of Aggravated Possession of Drugs (Methamphetamine), a violation of R.C. §2925.11(A)(C)(1)(c), a felony of the 2nd degree. The case was scheduled for jury trial on October 8, 2020.

{¶4}   On October 8, 2020, the date scheduled for trial, Appellant arrived approximately an hour and a half late. At that time, Appellant indicated that he wished to plead guilty to the charge.

{¶5}   Appellant completed a plea form which his attorney reviewed with him and which he stated that he understood. The trial court reviewed with Appellant the rights that he was giving up by pleading to the Indictment, including the right to a trial, the right to have the State prove the case beyond a reasonable doubt, the right to confront his

accuser, the right to call and question and cross-examine witnesses, and the right to testify himself if he chose to. (T. at 8-11). When Appellant hesitated during his plea of guilty, the trial court made it clear that he was entitled to a jury trial if he so desired. (T. at 12-13). After advising Appellant of that fact, the trial court asked Appellant if he wanted to plead guilty to the charge, and Appellant stated in the affirmative. (T. at 13).

{¶6} After Appellant was advised of the facts of the case as set forth above Appellant was advised as to the nature of the charge against him and the maximum penalty he could face if he pled to the charge. (T. at 6-10, 14-16).

{¶7} Appellant agreed with the facts as presented by Appellee. (T. at 16).

{¶8} The trial court ultimately found Appellant guilty based on his plea, and sentenced Appellant to three (3) to four and a half (4 ½) years in prison, pursuant to the Reagan Tokes Law. (T. at 25). (*See* Oct. 8, 2020 Judgment Entry).

{¶9} Appellant then moved to withdraw his guilty plea. The trial court denied Appellant's motion to withdraw.

{¶10} The assignments of error left unaddressed by this Court on direct appeal are as follow:

## ASSIGNMENTS OF ERROR

{¶11} "I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

**{¶12}** "II. STEPHEN BRAZO RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I.

**{¶13}** Appellant challenges the constitutionality of the Reagan Tokes Act, specifically R.C. §2967.271, which codified hybrid indefinite prison terms for first- and second-degree felonies. Appellant argues that the Act violates the separation of powers doctrine, the constitutional right to trial by jury, and due process.

**{¶14}** For the reasons set forth in this Court's recent Opinions in *State v. Burris*, Guernsey App. No. 21CA000021, 2022-Ohio-1481 and *State v. Ratliff*, Guernsey App. No. 21CA00016, 2022-Ohio-1372, we find the Reagan Tokes Act constitutional and overrule Appellant's assignment of error.

**II.**

**{¶15}** Appellant next argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of R.C. §2967.271. We disagree.

**{¶16}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable

probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶17}  Because we have found R.C. §2967.271 is constitutional, Appellant cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶18}  Appellant's second assignment of error is overruled.

{¶19}  Accordingly, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.